Commercial Casualty Insurance Company *v.* Reynolds.

4-5977 ·140 S. W. ·2d 683

Opinion delivered May 27, 1940.

*Verne McMillen* and *James I. Teague,* for appellant.
*W. P. Beard, Barber & Henry* and *John B. Thurman,*
for appellee.

McHaney, J. Appellee is the beneficiary in a limited accident policy issued by appellant to her husband, E. C. Reynolds, dated June 21, 1938. The policy insured said Reynolds in the sum of $250 against loss of life ''By drowning while at a public bathing beach or public swimming pool while a life-guard is on duty.'' The premium to be paid annually was $1. On September 5, 1938, while in ·bathing or swimming at Willow Beach, near Little Rock, which it is conceded, is a ''public bathing beach,'' the insured was drowned.

Appellant declined to pay and this suit was ·brought to enforce payment. Trial to a jury resulted in a verdict and judgment for $250, 12 per cent. penalty and a $50 attorney's fee against it.

The only question presented by this appeal is that there was no life-guard on duty at the time Mr. Reynolds

was drowned. It is not contended that Willow Beach is not a "public bathing beach," nor that he was not drowned. The facts show that Willow Beach was being operated at that time by Omas Johnson as lessee of the property, and that he was a life-guard; that the police officers of North Little Rock and their families were having a picnic and swimming party there on said date; that Johnson was acting as life-guard to the swimmers and as host to the others; that he went from the beach to the pavillion, only a short distance away, to get a drink and left Allen Carpenter in charge; that while getting the drink Carpenter "hollered" at him that Reynolds was missing; and that he ran down there and before he could get the drag, the body was recovered

No error was committed in the refusal of the court to direct a verdict for appellant because the life-guard was temporarily absent from the immediate vicinity of the beach, even though he had not left any one else in charge. All that the policy required as to the life-guard was that he be on duty. The fact that he left the bathing pier to get a drink and was gone for a few minutes, perhaps ten, did not amount to being off duty, for he was so near that, when an alarm was given, he immediately responded. But he did leave Carpenter in charge with his boat, and we think the conditions of the policy were substantially met.

Appellant cites, as authorities persuasive of its contention that the life-guard was not on duty, three cases from other jurisdictions, two of which involve robbery insurance and the other fire insurance, the policies in all cases insuring against loss only while one or more watchmen, custodians or adult persons were "on duty." One of which is *McIntosh* v. *Agricultural Fire Ins. Co.*, 150 Cal. 440, 89 Pac. 102, 119 Am. St. Rep. 234. We think these cases not in point. In each case the owner obtained insurance, conditioned that he would keep a watchman or other person or persons, as the case may be, on duty. It was his business to meet the conditions of the policy. Here, Mr. Reynolds went swimming at a public bathing beach where there was a life-guard on duty. The fact that the guard left momentarily was a matter

beyond his control, and one about which he no doubt knew nothing. To say the least, he went to a public bathing beach where there was a lifeguard on duty. This was a substantial, if not a literal, compliance with the conditional insurance.

Affirmed.